■ RICHARD HERRICKS PROPERTIES, INC., et al., Respondents, v STANLEY P. AMELKIN et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington (hereinafter the Zoning Board), dated March 14, 1985, which denied the petitioners' application for a special use permit, the Zoning

Board appeals from a judgment of the Supreme Court, Suffolk County (Luciano, J.), dated March 24, 1986, which reversed the determination of the Zoning Board of Appeals and directed the respondents to grant the petitioners' application for a variance.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners own two adjacent lots on subdivided split-zoned property: of the 300-foot depth of each parcel, the first 150 feet are situated in a commercial zone, and the rear 150 feet are located in a residential district. In 1974 the previous owners of the property sought and obtained a permit to extend their commercial use of the property 100 feet into the residential zone, pursuant to local zoning ordinance *(see,* Code of Town of Huntington § 198-110 [C] [1]). In 1976, the new owner of one of those parcels again applied for the 100-foot extension of business depth, seeking to construct a drive-in restaurant on the lot. The application was granted by the Zoning Board upon condition, *inter alia,* that "the 50 ft. buffer zone located on the south side of the entire property be maintained, planted and seeded according to Town specifications".

In the instant application, the owners of both properties sought permission to use 40 feet of the rear 50 feet in order to construct sufficient parking spaces for a planned retail and office building. The Zoning Board denied the application, reasoning that the 50-foot buffer zone was no less necessary than when it was first imposed as a condition in 1976. Special Term annulled and reversed the Zoning Board's determination, concluding that the petitioners made a sufficient showing to be entitled to a use variance.

Special Term properly determined that the petitioners were not entitled to a special use permit, as such permits are solely applicable to uses expressly permitted by ordinance *(see, Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243) and the ordinance provisions relied upon by the petitioners *(see,* Code of Town of Huntington § 198-68 [A] [22]; § 198-110 [C] [3]) do not in this case cover the additional extension sought. The appropriate vehicle for the authorization the petitioners seek is a use variance.

Had maintenance of the 50-foot-wide strip as an undeveloped buffer zone been a reasonable and valid condition to the special use previously permitted, the petitioners would not be entitled to a variance since the Zoning Board has the right to

impose any reasonable conditions when granting a special use permit (see, Code of Town of Huntington § 198-111 [A]). However, the circumstances do not reflect any need for such a large buffer strip; for purposes of this analysis we therefore treat that piece of the property as simply a residentially zoned strip of property for which the owners seek a variance in order to construct parking facilities thereon.

We are satisfied that, under all the circumstances, the petitioners are entitled to the variance they sought. While the tennis club to the south of the petitioners' land is situated in a residential district and operates pursuant to a use variance, the Zoning Board cannot be permitted to deprive the petitioners of any use of a 50-foot-wide strip of land on the possibility that the tennis club will at some time in the future cease operations and the property revert back to residential use.

We conclude that the Supreme Court, therefore, acted properly in directing the issuance of the use variance, with conditions to be imposed by the Zoning Board as may be consistent with the planned use of the strip. Niehoff, J. P., Mangano, Eiber and Spatt, JJ., concur.